CONFLICT OF INTEREST — LEGISLATORS The question of whether a legislator has a personal or private interest in any pending or proposed bill or measure is not a question of law, but instead is a question of fact to be resolved by the legislator involved, or by the House of which he is a member. This is to acknowledge receipt of your letter wherein you ask: "Under the `disclosure of personal or private interest' provisions of Article V, Section 24 of the Constitution of Oklahoma is it proper for a legislator/ attorney who practices or has imminent plans to practice before the Industrial Court of this State to register a vote on legislation pertaining to the same?" Article V, Section 24 states: "A member of the legislature, who has a personal or private interest in any measure or bill, proposed or pending before the legislature, shall disclose the fact to the house of which he is a member, and shall not vote thereon." A previous Attorney General's Opinion No. 68-369 touched on this subject and says in part: "So far as we are able to discover, our Supreme Court has not interpreted Section 24, supra. According to Williams Annotated Constitution of Oklahoma, we adopted Section 24 from either Alabama, (Constitution of 1901, Section 82), Pennsylvania, (Constitution of 1873, Article 3, Section 33), or Texas, (Constitution of 1876, Article 3, Section 22). Of these three states, only the Alabama Court has even discussed its Section 82. In the case of Hall v. Blan, 227 Ala. 64, 148 So. 601, (1933), the court, in discussing legislative pay, said: "`Again, the constitution fixes the compensatiOn or allowance of no other public official. To relieve legislators of the responsibility of dealing with a matter in which they had a direct personal interest, the criticism, as well as the temptation, seems an obvious reason for dealing with the entire subject in the Constitution itself. This is in keeping with Section 82 of the Constitution, declaring that a legislator having a personal or private interest in any measure shall recuse himself and not vote thereon.' "In Vernon's Ann. Tex. Const., Art. 3, Section 22, we find the following interpretive commentary: "`A long existing rule of legislative bodies is that members thereof shall not vote on matters in which they have a personal or private interest. This subject is regulated by the House of Commons by a rule which forbids a member to vote on a matter in which he has a direct pecuniary interest, immediate and personal, and not merely of a general or remote description. Legislative bodies in the United States either possess a similar rule or a constitutional provision as in Texas. Jefferson stated the reasons for such a provision as follows: "Where the private interests of a member are concerned in a bill or question, he is to withdraw. And where such an interest has appeared, his voice has been disallowed, even after division. In a case so contrary not only to the laws of decency, but to the fundamental principles of the social compact, which denies to any man to be a judge in his own cause, it is for the honor of the House that this rule of immemorial observance should be strictly adhered to." See II, The Writings of Thomas Jefferson, 368 (Library ed. 1903). "It has been noted that, despite the reasonableness and necessity for such a provision requiring a legislator not to vote on a bill in which he has a personal or private interest and also requiring disclosure of such interest, it is often difficult to define and distinguish "personal or private interest." "The interpretation is frequently a matter for the conscience of the individual legislator, a point he must settle for himself. In many cases the existence of a private or personal interest may be shadowy, a clear and sharp line being difficult to draw.' " The basic issue to determine is when a legislator has a personal or private interest in any measure or bill. This is often difficult to determine but is a factual determination that must be made by the legislator involved, or the particular House to which he has been elected. The particular legislator, or any member of the House to which he was elected, may raise the question of whether the particular legislator has a personal or private interest in pending legislation. Each of the two Houses of the Legislature should set up the procedure for resolving questions of this sort. It is, therefore, the opinion of the Attorney General that your question cannot be answered as a question of law, but instead must be treated as a factual issue to be resolved by the particular legislator involved, or the House to which he was elected. (Todd Markum) ** SEE: OPINION NO. 88-581 (1988) **